IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SERGIO LUIS DELGADO-NUNEZ, § | | |
|     PETITIONER, § | | |
| § | | |
| v. § | | Civil Action No. 4:06-CV-0601-Y |
| § | | |
| REBECCA TAMEZ, Warden,[1] § | | |
| FCI-Fort Worth, § | | |
|     RESPONDENT. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.   PARTIES**

Petitioner Sergio Luis Delgado-Nunez, Reg. No. 043054-080, is a federal prisoner who is currently incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

---

[1] The Court was informed by counsel for FCI-Fort Worth that Cole Jeter has been replaced by Rebecca Tamez as Warden. As such, Rebecca Tamez should be automatically substituted as Respondent. *See* FED. R. CIV. P. 25(d)(1). The clerk of Court is directed to docket and change the designation of the Respondent.

The Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

## C. PROCEDURAL HISTORY

The record reflects that on September 29, 1999, Delgado-Nunez was sentenced on state drug-related charges in Bexar County, Texas, to eight years' confinement. (Resp't Appendix at 29-30.) Several times thereafter Delgado-Nunez was released to federal custody pursuant to a writ of habeas corpus ad prosequendum to answer pending federal charges in the United States District Court, Western District of Texas, San Antonio Division, for one count of illegal reentry. (*Id.* at 30.) While in temporary federal custody, Delgado-Nunez continued to serve his state sentence. On April 24, 2001, Delgado-Nunez was sentenced in the Western District to 150 months' imprisonment on the illegal-reentry charge. (*Id.* at 19-20.) *See United States v. Delgado-Nunez*, CM/ECF, Criminal Docket for Case # 5:99-CR-493-OLG-1. The judgment stated that Delgado-Nunez was to receive credit for time previously served. (*Id.* at 20.) Delgado-Nunez was released to mandatory supervision in his state case on March 21, 2003, and taken into custody of the United States Marshall Service to begin his federal sentence. (*Id.* at 29.) On July 15, 2004, the federal judgment was amended to read that Delgado-Nunez was to receive credit, if any, for time previously served pursuant to 18 U.S.C. 3583. (*Id.* at 24-25.)

## D. DISCUSSION

By way of this petition, Delgado-Nunez disputes the Bureau of Prisons's sentence computation calculation. The the Bureau of Prisons (the Bureau) has calculated Delgado-Nunez federal sentence as commencing on March 21, 2003, the date he was released by TDCJ on mandatory supervision. (*Id*. at 6.) The Board disallowed credit for the time spent in state custody from September 23, 1999, through March 20, 2003, because Delgado-Nunez was given credit for

the time on his state sentence. (*Id.*) *See* 18 U.S.C. 3585. Delgado-Nunez claims the federal district court gave him the impression at the time of sentencing that his federal sentence would, in effect, run concurrently with his state sentence by stating in open court and in the original judgment that he would receive credit for time previously served. (Petition at 7-9; Resp't Appendix at 20.) Thus, Delgado-Nunez argues he should be credited for time toward his federal sentence for 566 days spent in state custody. (Petition at 1, 7-9.)

The federal criminal judgment, as well as the amended judgment, are silent as to whether Delgado-Nunez's 150-month federal sentence was to run concurrently with or consecutively to any state sentence to which he might be subject. 18 U.S.C. § 3584(a), provides:

> (a) **Imposition of concurrent or consecutive terms.**–If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

The statute has two discrete functions. *See Aldridge v. Wendt*, No. 3:03-CV-1052-R, 2004 WL 1217934, at *3 (N.D. Tex. June 3, 2004), *adopted by* 2004 WL 1368275 (N.D. Tex. June 16, 2004), *aff'd*, 2005 WL 2055929 (5th Cir. Aug. 26, 2005) (not designated for publication in the Federal Reporter). First, it grants federal sentencing courts the discretion to impose concurrent or consecutive sentences except in specified circumstances. Second, it creates a presumption regarding whether multiple terms of imprisonment run concurrently or consecutively when the sentencing court is silent on the matter. *Id.*

In this case, the district court expressed no position on whether Delgado-Nunez's 150-month federal sentence would run concurrently with or consecutively to his state sentence. Such silence invokes the presumption that the federal sentence would be consecutive to any term of imprisonment imposed at a different time. *See* 18 U.S.C. § 3584(a); *United States v. Hernandez*, 234 F.3d 252, 256-57 (5th Cir. 2000). When a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively, *unless* the district court specifically orders that they run concurrently. *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003).

Because the district court did not specify that Delgado-Nunez's federal sentence would run concurrently with his state sentence, the federal sentence runs consecutively to his state sentence. Contrary to his assertion, Delgado-Nunez has not shown that such consecutive sentences violate the United States Constitution or federal law. The constitution affords no right to have state and federal sentences run concurrently. *See United States v. Dovalina*, 711 F.2d 737, 739 (5th Cir. 1983). Similarly, there is no federal statute that provides a prisoner a right to concurrent sentences. In the absence of a violation of the United States Constitution or federal law, the fact that the Bureau considers Delgado-Nunez's federal sentence to run consecutive to the state sentence entitles him to no habeas relief under § 2241. The Bureau's decision is consistent with well-settled federal law regarding consecutive sentences when the federal judgment is silent on the matter. Thus, Delgado-Nunez's attack on the manner in which his federal sentence is being executed fails.

To the extent Delgado-Nunez's claims he is entitled to 566 days credit for time spent in state custody toward his federal sentence, the claim also fails. 18 U.S.C. § 3585, entitled "Calculation of a Term of imprisonment," determines when a federal sentence of imprisonment commences and

whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> > **(1)** as a result of the offense for which the sentence was imposed; or
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence*.

18 U.S.C. § 3585 (emphasis added).

The Bureau's view of § 3585(b) is explained in Program Statement 5880.28(c), which reads as follows:

> **Prior Custody Time Credit.** The [Sentencing Reform Act] includes a new statutory provision, 18 U.S.C. § 3585(b), that pertains to 'credit for prior custody' and is controlling for making time credit determinations for sentences imposed under the SRA. . . .

Bureau of Prisons Program Statement 5880.28(c) (Feb. 14, 1997).[2]

Here, the Bureau determined that under § 3585(b) and Program Statement 5880.28 Delgado-Nunez was not entitled to credit toward his federal sentence for September 23, 1999, through March 20, 2003, because he was given credit for the time on his state sentence. (Resp't Appendix at 6, 8-9.)

---

[2] The parties did not provide a copy of Program Statement 5880.28(c), however the Bureau's program statements are available on the Internet. U.S. Department of Justice, Federal Bureau of Prisons/Freedom of Information Act/Policy/Bureau Program Statements (policies), *available at* http://www.bop.gov.

**Findings, Conclusions and Recommendations
of the United States Magistrate Judge—Page 5 of 7**

Because the district court did not order that Delgado-Nunez's federal sentence run concurrently with any state sentence, this appears to be a proper interpretation of the law. *See* 18 U.S.C. § 3584(a) (providing that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"); *Adams v. Morrison*, 84 Fed. Appx. 419, 420 (5th Cir. 2003); *United States v. Gay*, No. 3:03-CV-2815-G, 2004 WL 246247, at *1-2 (N.D. Tex. Feb. 2, 2004) (not designated for publication), *adopted*, 2004 WL 743714 (N.D. Feb. 24, 2004); *United States v. VonWillie*, 59 F.3d 922, 930-31 (9th Cir. 1995).

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that Delgado-Nunez's petition for writ of habeas corpus be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 24, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 24, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 3, 2007.

       /s/ Charles Bleil
       CHARLES BLEIL
       UNITED STATES MAGISTRATE JUDGE

of the United States Magistrate Judge—Page 7 of 7**